## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

GERTI MUHO,

FILED by ___A̶S̶S̶___ D.C.

FEB 1 4 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Plaintiff,

v.

ALPHONSE FLETCHER JR., JAMIE DIMON, ERMANNO
UNTERNAEHRER, YVES BLOCH, PETER C. HARVEY,
DEBORAH H. MIDANEK, MARIANNE RAJIC, DENIS J.
KIELY, TODD R. HARRISON, NEAL BRICKMAN,
ROBERT FIEDLER, CHAD M. SHANDLER, ELIZABETH M.
RIORDAN, JANE METCALF, HENRY E. GALLAGHER, JR.,
 FLOYD SAUNDERS, JAY SHAWS, IVONA SINOVIC, DAVID E.
 WILKS, MICHAEL S. MEADE, ALEX WEINGARTEN, J.P.
MORGAN CHASE & CO., PATTON BOGGS LLP., MORRISON
 & FOERSTER LLP., BRICKMAN LEONARD & BAMBERGER, P.C.,
 CITCO GROUP LTD., PASIG LTD., KASOWITZ BENSON
TORRES & FRIEDMAN LLP., RICHARDS, LAYTON &
FINGER, P.A., FLETCHER ASSET MANAGEMENT, INC.,
PATTERSON BELKNAP WEBB & TYLER LLP, SOLON
GROUP, INC.,LAMPOST CAPITAL, L.C., OGIER LLP.,
 CITIBANK N.A., WILMINGTON TRUST, N.A., WALKERS LLP,
 WEILL GOTSHALL & MANGES LLP, WILKS, LUKOFF  &
BRACEGIRDLE, LLC., MCDERMOTT WILL & EMERY LLP.,
 WEINGARTEN & BROWN LLP., CONNOLLY GALLAGHER LLP.,
 PINNACLE FUND ADMINISTRATION, FOX ROTHSCHILD LLP.,
PORZIO, BROMBERG & NEWMAN, P.C. CITCO TRADING, INC.

Defendants.

_____/

**Affidavit 03. Key Events Leading to Leveraged Hawk, Inc. Surviving the Richcourt Funds and
the Richcourt Management Companies. Timeline Chart Included.**

I, Gerti Muho, having been duly sworn, depose and state as follows:

| Key Event | Start Date | |
|---|---|---|
| Leveraged Hawk, Inc. ("Leveraged"") accepts Richcourt Capital Management         Inc. Soundview Capital Management Inc. Pitagora Capital Management Inc. New Wave Asset Management Ltd.         and all issued and outstanding voting shares of 16 Funds as payment in kind for Class A common shares issued to Richcourt Holding Inc." | Apr 29 2013 | |
| Walkers LLP is provided with all pertinent document and is directed to ensure the transfer met all necessary local requirements. | Apr 30 2013 | |
| Walkers LLP is once more provided with all pertinent document and is directed to ensure the transfer met all necessary local requirements. | May 01 2013 | |
| Floyd Saunders send GM a termination letter | May 01 2013, 2:00 PM | |
| GM asks Fletcher's attorney Nathaniel P.T. Read of Cohen and Gresser LLP to stop working for Alphonse Fletcher, Jr. until payment matters are resolved. Cohen & Gresser recuses as counsel to Mr. Fletcher and Fletcher Asset Management the following days. | May 03 2013, 9:00 AM | |
| GM informs Denis J. Kiely ("DJK") to stop working. DJK purports to serve as GM's attorney. The first and only clash ensues." | May 03 2013, 3: 00 PM | |
| Walkers sends GM a very aggressive cease and desist letter. The letter is singed Walkers LLP | May 08 2013, 4:00 PM | |
| GM replies to Walkers and asks the attorney for the names of the individuals authorizing Walker's letter. GM further tells Walkers their costs are unjustifiable and asks that Walkers stop working. | May 08 2013, 4:30 PM | |
| George Ladner for Fletcher Asset Management *no Inc,.* send GM requests for resignation from the Boards of the Management Companies bought by Leveraged April 29, 2013. | May 11 2013 | |
| GM initiates contacts the SEC to initiate transfer of information and know-how. Meets with government agencies investigating Fletcher Asset Management, Inc. | May 12 2013 | |
| GM send Deborah H. Midanek a letter documenting Mrs. Midanek's lack of authority and asks Mrs. Midanek to stop aiding Fletcher, and also to refund all advanced paid to her, by, at the time, Leveraged. | May 28 2013 | Affidavit 4-Exhibit 24 |
| GM contacts the registrars offshore directly (2nd time) for all entities and re-sends them the transfer documents, this time addressing them directly. | May 28 2013 | |
| Leveraged's purchase of control and sale of Class A common to Richcourt Holding, Inc. and Leveraged Preferred stock to the funds themselves is registered with the Securities and Exchange Commission. | May 31 2013 | |
| GM meets regulatory requirements that funds with any operations in the U.S., either be registered by a U.S. registered investement advisory firm or that the funds list with the SEC their legal U.S. representative. GM meets regulatory requirement in full and registers with the SEC as a registered investment advisory firm for entities, and Leveraged. | Jun 06 2013 | Exhibit 120, 122, 123 |
| All offshore entities and Leveraged celebrate their union via a merger. All offshore entities are merged into Leveraged. Leveraged survives them all. 21 fewer entites to pay fees yearly for, 21 fewer entities to distract, 21 fewer mailboxes to keep, and all without any loss at all thanks to computer programming. As an added benefit all property of all entities becomes property of Leveraged by operation of law. No ifs no but, and no foreign hidden liquidations killing off entities to hide misdeeds. | Jun 03 2013 | Exhibit 127 |

| | | |
|---|---|---|
| Last date merger between Leveraged Hawk, Inc. and the manager and fund entities can be challenged under DE corporate law. | Jun 09 2013 | |
| Walkers LLP, Ritch and Connolly LLP, and Weill Gotshall & Manges LLP are formally asked to stopped working. GM hints at filing Chapter 11, and the joke goes that GM challenged Weill in Bankruptcy. | Jun 15 2013 | See Affidavit 4- Exhibit 24 |
| GM sends a formal letter to Wilmington Trust threatening them for the first time as their continued refusal to transfer the assets to a qualified custodian that would allow GM as investment advisor to not be in breach of SEC regulations, their refusal to pay management fees and expenses to now a SEC registered investment advisory (firm), and their refusal to pay to Leveraged $5,000,000 for stock Leveraged had long ago paid to the funds, was all beyond ridiculous. It should be noted that the accounts were actually held in GM's own name, for Wilmington wouldn't/couldn't keep accounts for offshore companies. | Jun 15 2013 | Exhibit 126 |
| GM explains to his attorney Neal Brickman why GM sent formal letters to all the fund of funds remaining law firms and to Wilmington Trust, scaring Neal into conspiring with Wilminton Trust to turn the tide against GM and GM's aims--now that GM has proven his ability by decimating Buddy Fletcher, once a feared name on Wall St., without being challenged once. | Jun 15 2013 | Exhibit 124, 125 |

_____
Gerti Muho, Plaintiff

Sworn to and signed before me this _14th_ of February 2014.

_____

# Takeover Timeline: Bar



Leveraged Hawk, Inc. ("Leveraged") accepts Richcourt Capital Management, Inc., Soundview Capital Management, Inc., Pitagora Capital Management, Inc., New Wave Asset Management Ltd., and all issued and outstanding voting shares of 16 Funds as payment in kind for Class A common shares issued to Richcourt Holding, Inc.

Walkers LLP is provided with all pertinent document and is directed to ensure the transfer met all necessary local requirements.

Walkers LLP is provided again with all pertinent document and is directed to ensure the transfer met all necessary local requirements.

Floyd Saunders send GM a termination letter

GM asks Fletcher's attorney Nathaniel P.T. Read of Cohen and Gresser LLP to stop working for Alphonse Fletcher, Jr. until payment matters are resolved. Cohen & Gresser recuses as counsel to Mr. Fletcher and Fletcher Asset Management the following days.

GM informs Denis J. Kiely ("DJK") to stop working. DJK purports to serve as GM's attorney. The first and only clash ensues.

Walkers sends GM a very aggressive cease and desist letter. The letter is singed Walkers LLP.

GM replies to Walkers and asks the attorney for the names of the individuals authorizing Walker's letter. GM further tells Walkers their costs are unjustifiable and asks that Walkers stop working.

George Ladner for Fletcher Asset Management *no Inc,.* send GM requests for resignation from the Boards of the Management Companies bought by Leveraged April 29, 2013.

GM meets with government agencies investigating Fletcher Asset Management, Inc.

GM send Deborah H. Midanek a letter documenting Mrs. Midanek's lack of authority and asks Mrs. Midanek to stop aiding Fletcher, and also to refund all advanced paid to her, by, at the time, Leveraged.

GM contacts the registrars offshore directly (2nd time) for all entities and re-sends them the transfer documents, this time addressing them directly.

Leveraged's purchase of control and sale of Class A common to Richcourt Holding, Inc. and Leveraged Preferred stock to the funds themselves is registered with the Securities and Exchange Commission.

All offshore entities and Leveraged celebrate their union via a merger. All offshore entities are merged into Leveraged. Leveraged survives them all. 21 fewer entites to pay fees yearly for, 21 fewer entities to distract, 21 fewer mailboxes to keep, and with all without any loss at all thanks to computer programming. As an added benefit all property of all entities becomes property of Leveraged by operation of law. No ifs no but, and no foreign hidden liquidations killing off entities to hide misdeeds.

GM meets regulatory requirements that funds with any operations in the U.S., either be registered by a U.S. registered investement advisory firm or that the funds list with the SEC their legal U.S. representative. GM meets regulatory requirement in full and registers with the SEC as a registered investment advisory firm for entities, and Leveraged.

Last date merger between Leveraged Hawk, Inc. and the manager and fund entities can be challenged under DE corporate law.

Walkers LLP, Ritch and Connolly LLP, and Weill Gotshall & Manges LLP are formally asked to stopped working. GM hints at filing Chapter 11, and the joke goes that GM challenged Weill in Bankruptcy.

GM sends a formal letter to Wilmington Trust threatening them for the first time as their continued refusal to transfer the assets to a qualified custodian that would allow GM as investment advisor to not be in breach of SEC regulations, their refusal to pay management fees and expenses to now a SEC registered investment advisory (firm), and their refusal to pay to Leveraged $5,000,000 for stock Leveraged had long ago paid to the funds, was all beyond ridiculous. It should be noted that the accounts were actually held in GM's own name, for Wilmington wouldn't/couldn't keep accounts for offshore companies.

GM explains to his attorney Neal Brickman why GM sent formal letters to all the fund of funds remaining law firms and to Wilmington Trust, scaring Neal into conspiring with Wilminton Trust to turn the tide against GM and GM's aims--now that GM has proven his ability by decimating Buddy Fletcher, once a feared name on Wall St., without being challanged once.



**Apr 29 2013**
Leveraged Hawk, Inc. ("Leveraged") accepts Richcourt Capital Management, Inc., Soundview Capital Management, Inc., Pitagora Capital Management, Inc., New Wave Asset Management Ltd., and all issued and outstanding voting shares of 16 Funds as payment in kind for Class A common shares issued to Richcourt Holding, Inc.

**Apr 30 2013**
Walkers LLP is provided with all pertinent document and is directed to ensure the transfer met all necessary local requirements.

**May 01 2013 2:00 PM**
Floyd Saunders send GM a termination letter

**May 03 2013 9:00 AM**
GM asks Fletcher's attorney Nathaniel P.T. Read of Cohen and Gresser LLP to stop working for Alphonse Fletcher, Jr. until payment matters are resolved. Cohen & Gresser recuses as counsel to Mr. Fletcher and Fletcher Asset Management the following days.

**May 03 2013 3:00 PM**
GM informs Denis J. Kiely ("DJK") to stop working. DJK purports to serve as GM's attorney. The first and only clash ensues.

**May 10 2013 4:00 PM**
Walkers sends GM a very aggressive cease and desist letter. The letter is singed Walkers LLP

**May 01 2013**
Walkers LLP is provided again with all pertinent document and is directed to ensure the transfer met all necessary local requirements.

**May 10 2013 4:30 PM**
GM replies to Walkers and asks the attorney for the names of the individuals authorizing Walker's letter. GM further tells Walkers their costs are unjustifiable and asks that Walkers stop working.

**May 11 2013**
George Ladner for Fletcher Asset Management "no Inc," send GM requests for resignation from the Boards of the Management Companies bought by Leveraged April 29, 2013.

**May 12 2013 - May 18 2013**
GM meets with government agencies investigating Fletcher Asset Management, Inc.

**May 31 2013**
Leveraged's purchase of control and sale of Class A common to Richcourt Holding, Inc. and Leveraged Preferred stock to the funds themselves is registered with the Securities and Exchange Commission.

**May 28 2013**
GM send Deborah H. Midanek a letter documenting Mrs. Midanek's lack of authority and asks Mrs. Midanek to stop aiding Fletcher, and also to refund all advanced paid to her, by, at the time, Leveraged.

**May 28 2013**
GM contacts the registrars offshore directly (2nd time) for all entities and re-sends them the transfer documents, this time addressing them directly.

**Jun 06 2013**
GM meets regulatory requirements that funds with any operations in the U.S., either be registered by a U.S. registered investement advisory firm or that the funds list with the SEC their legal U.S. representative. GM meets regulatory requirement in full and registers with the SEC as a registered investment advisory firm for entities, and Leveraged.

**Jun 06 2013**
All offshore entities and Leveraged celebrate their union via a merger. All offshore entities are merged into Leveraged. Leveraged survives them all. 21 fewer entites to pay fees yearly for, 21 fewer entities to distract, 21 fewer mailboxes to keep, and all without any loss at all thanks to computer programming. As an added benefit all property of all entities becomes property of Leveraged by operation of law. No ifs no but, and no foreign hidden liquidations killing off entities to hide misdeeds.

**Jun 12 2013**
Last date merger between Leveraged Hawk, Inc. and the manager and fund entities can be challenged under DE corporate law.

**Jun 15 2013**
Walkers LLP, Ritch and Connolly LLP, and Weill Gotshall & Manges LLP are formally asked to stopped working. GM hints at filing Chapter 11, and the joke goes that GM challenged Weill in Bankruptcy.

**Jun 15 2013**
GM sends a formal letter to Wilmington Trust threatening them for the first time as their continued refusal to transfer the assets to a qualified custodian that would allow GM as investment advisor to not be in breach of SEC regulations, their refusal to pay management fees and expenses to now a SEC registered investment advisory (firm), and their refusal to pay to Leveraged $5,000,000 for stock Leveraged had long ago paid to the funds, was all beyond ridiculous. It should be noted that the accounts were actually held in GM's own name, for Wilmington wouldn't/couldn't keep accounts for offshore companies.

**Jun 15 2013**
GM explains to his attorney Neal Brickman why GM sent formal letters to all the fund of funds remaining law firms and to Wilmington Trust, scaring Neal into conspiring with Wilminton Trust to turn the tide against GM and GM's arms--now that GM has proven his ability by decimating Buddy Fletcher, once a feared name on Wall St., without being challanged once.

Timeline axis: 29 (Apr 2013) · 04 (May) · 09 · 14 · 19 · 24 · 29 · 03 (Jun) · 08 · 13 · 18

Created with Timeline Maker Professional. Produced on Feb 12 2014.

**Affidavit 3 Exhibits**

**Muho v. Fletcher et al.**

Exhibit 120

Muho v. Fletcher et al.

**Exhibit 120**
**Muho v. Fletcher et al.**

Gerti Muho                                     Monday, February 10, 2014 at 6:19:17 AM Eastern Standard Time

**Subject:** Fwd: written instructions
**Date:**    Thursday, June 6, 2013 at 9:47:20 AM Eastern Daylight Time
**From:**    Gerti Muho <gm@gmg7.com>
**To:**      Neal@brickmanlaw.com <Neal@brickmanlaw.com>

Neal:

I'm in d.c. meeting with the gov't. can you please follow up with the bank to make sure they follow the instructions I sent them.

Gerti

Sent from my iPhone

Begin forwarded message:

> **From:** "Gerti Muho" <gm@gmg7.com>
> **To:** "Molina, Sally M." <SMolina@WilmingtonTrust.com>, "Morris, Ryan S."
> <RMorris@WilmingtonTrust.com>
> **Cc:** "Neal@brickmanlaw.com" <Neal@brickmanlaw.com>, "Cypers, Michael" <MCypers@crowell.com>,
> "Avery, Mary Alice" <MAvery@WilmingtonTrust.com>
> **Subject: written instructions**
>
>
> Please confirm receipt and process the attached wire instructions.
> Thank you,
> Gerti
>
> <wire instructions.pdf>
>
> <SEC FORM D.pdf>
>
> <Merger Filed.pdf>
>
> <LH GM IMA.pdf>
>
> <IARD - All Sections [User Name gmuho, OrgID 168066].pdf>

**Exhibit 122**

**Muho v. Fletcher et al.**

Exhibit 122
Muho v. Fletcher et al.

**Gerti Muho**                                    Wednesday, February 12, 2014 at 5:38:59 PM Eastern Standard Time

**Subject:** Fwd: IAPD - Identifying Information Section
**Date:** Friday, June 7, 2013 at 5:55:00 PM Eastern Daylight Time
**From:** Gerti Muho <gm@gmg7.com>
**To:** RFiedler@wilmingtontrust.com <RFiedler@wilmingtontrust.com>

fyi.  Schedule D in the adv linked below lists the richcourt management companies and the richcourt funds.  I have already provided you the link to the leveraged hawk merger filing with the SEC and the Delaware merger certificate.

let me know asap if WT is open to transferring all accounts to a qualified custodian like JPMorgan.

Gerti

Sent from my iPhone

Begin forwarded message:

> **From:** Gerti Muho <gm@gmg7.com>
> **Date:** June 7, 2013, 5:47:52 PM EDT
> **To:** "Jennifer S. Leete" <leetej@sec.gov>, "thomas j. daly" <thomas.daly2@ic.fbi.gov>, "Maurice J. Hattier, Jr." <marice.hattier@ic.fbi.gov>
> **Subject: Fwd: IAPD - Identifying Information Section**
>
>
> fyi.
>
> Sent from my iPhone
>
> Begin forwarded message:
>
> > **From:** Gerti Muho <gm@gmg9.com>
> > **Date:** June 7, 2013, 5:39:05 PM EDT
> > **To:** Gerti Muho <gm@gmg7.com>
> > **Subject: IAPD - Identifying Information Section**
> >
> >
> > http://www.adviserinfo.sec.gov/iapd/content/viewform/adv/sections/iapd_AdvIdentifyi ngInfoSection.aspx? ORG_PK=168066&RGLTR_PK=50000&STATE_CD=&FLNG_PK=000F29A40008016B0572F5 600468FFA9056C8CC0
> >
> >
> > Sent from my iPhone

Exhibit 122                    Page 1 of 1
Muho v. Fletcher et al.

**Case No** _____

**Exhibit 123**

**Muho v. Fletcher et al.**

Exhibit 123
Muho v. Fletcher et al.

**Gerti Muho**                                              Wednesday, February 12, 2014 at 5:39:17 PM Eastern Standard Time

**Subject:** investor matters
**Date:**    Friday, June 7, 2013 at 10:27:50 PM Eastern Daylight Time
**From:**    gm@gmg7.com <gm@gmg7.com>
**To:**      Brian Smith <bsmith@pinnacleadmin.com>
**CC:**      Sally M. Molina <SMolina@WilmingtonTrust.com>, RFiedler@wilmingtontrust.com
             <RFiedler@wilmingtontrust.com>

Brian,

I previously informed you and WT that I had decided to appoint a qualified custodian for all the richcourt/Soundview
funds. Please inform all the individual investors for the funds that a qualified custodian will be appointed and that the
qualified custodian will provide them with information about the status of their investment with the Funds and will
provide them with concrete information about their redemptions asap.

I also need to speak with you asap, so please let me know your availability. I think it may also help for you to review
schedule D (linked adv) before we speak.
Thanks!
Gerti

http://www.adviserinfo.sec.gov/iapd/content/viewform/adv/sections/iapd_AdvIdentifyingInfoSection.aspx?
ORG_PK=168066&RGLTR_PK=50000&STATE_CD=&FLNG_PK=000F29A40008016B0572F5600468FFA9056C8CC0

Sent from my iPhone

Exhibit 123
Muho v. Fletcher et al.

Case No _____

**Exhibit 124**

**Muho v. Fletcher et al.**

**Gerti Muho**

**Subject:** Fwd: <no subject>
**Date:** Wednesday, June 12, 2013 at 9:08:17 AM Eastern Daylight Time
**From:** Gerti Muho <gm@gmg7.com>
**To:** Neal@brickmanlaw.com <Neal@brickmanlaw.com>

Neal:

I am forwarding: (i) a semi finished e-mail to Wilmington (the basis for the brief) and (ii) a finished but unsent short letter to Weill (provides proof that Fletcher lacks a connection with Richcourt)

I will try to finish the brief today and look forward to meeting you tomorrow afternoon.

gerti

Sent from my iPhone

Begin forwarded message:

> **From:** "Gerti Muho" <gm@gmg7.com>
> **To:** "Gerti Muho" <gm@gmg7.com>
> **Subject:** <no subject>

> Bob,

> I have previously provided WT and am including with this e-mail an effective DE certificate of merger, merging all the Richcourt entities into surviving Leveraged Hawk. I also believe the entities contract with WT are governed by DE law. As I read it (below), DE law gives Leveraged Hawk all the rights and all the property of the entities that have been merged into it—i.e. all the Richcourt Funds. Given DE law governs our agreement and given DE law is rather unambiguous as to who possess all rights to the Richcourt funds, I am not sure why WT requires I spend time and resources to enforce the entities contract with WT. And I leave aside that I am the only one registered with the SEC as legal US representative for all the Richcourt funds/richcourt management companies.

> I also looked at WT's contract that I signed to open the funds accounts. I see 5(f) states that: "You agree that we are not responsible for, and agree to release and indemnify us for, any loss, cost, or other damage (including attorneys' fees) that may result: [f]rom delaying acting on any instructions that are conflicting, incomplete, or otherwise not in good order, until we are satisfied that all issues are resolved."

> § 259. Status, rights, liabilities, of constituent and surviving or resulting corporations following merger or consolidation.

> (a) When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations, as the case may be, possessing all the rights, privileges, powers and franchises as well of a public as of a private nature, and being

**Exhibit 124**
**Muho v. Fletcher et al.**

subject to all the restrictions, disabilities and duties of each of such corporations so merged or consolidated; and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due to any of said constituent corporations on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations shall be vested in the corporation surviving or resulting from such merger or consolidation; and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation as they were of the several and respective constituent corporations, and the title to any real estate vested by deed or otherwise, under the laws of this State, in any of such constituent corporations, shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

(b) In the case of a merger of banks or trust companies, without any order or action on the part of any court or otherwise, all appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, trustee of estates of persons mentally ill and in every other fiduciary capacity, shall be automatically vested in the corporation resulting from or surviving such merger; provided, however, that any party in interest shall have the right to apply to an appropriate court or tribunal for a determination as to whether the surviving corporation shall continue to serve in the same fiduciary capacity as the merged corporation, or whether a new and different fiduciary should be appointed.

8 Del. C. 1953, § 259; 56 Del. Laws, c. 50<http://delcode.delaware.gov/sessionlaws/ga124/chp050.shtml>; 56 Del. Laws, c. 186, § 23. <http://delcode.delaware.gov/sessionlaws/ga124/chp186.shtml>;

**Exhibit 125**

**Muho v. Fletcher et al.**

Exhibit 125
Muho v. Fletcher et al.

**Gerti Muho**                                    Wednesday, February 12, 2014 at 5:40:40 PM Eastern Standard Time

**Subject:** Fwd: documents attached
**Date:**      Thursday, June 13, 2013 at 8:06:23 PM Eastern Daylight Time
**From:**     Gerti Muho <gm@gmg7.com>
**To:**        Neal Brickman <Neal@brickmanlaw.com>

Not sure if you received the custody agreements. The file may have been too large. resending with only 2/14
agreements. all custody agreements are the same.
gerti


Begin forwarded message:

> **From:** Gerti Muho <gm@gmg7.com>
> **Subject: documents attached**
> **Date:** June 13, 2013 5:43:42 PM EDT
> **To:** Neal Brickman <Neal@brickmanlaw.com>
>
> Neil,
>
> I have included the custody agreements, the certificate of merger, an excel sheet listing each funds assets, and
> the IMA between myself and Leveraged Hawk. I also included snapshot of two wires but I gather all wires and
> list them in an excel spreadsheet.
> Great meeting with you.
> Gerti

# Soundview Elite Ltd.

# INSTRUCTION

**Date :**              March 28, 2013
**TO :**                Wilmington


**Cc :**

\* \* \* \* \* \*

**FROM :**         Soundview Elite Ltd.
**Ref. :**           Richcourt Holding, Inc. W
                      103193 000

**Case No** _____

Exhibit 125                    Page 1 of 3
Muho v. Fletcher et al.

**Exhibit 126**

**Muho v. Fletcher et al.**

Exhibit 126
Muho v. Fletcher et al.

**Gerti Muho**                                    Wednesday, February 12, 2014 at 5:41:18 PM Eastern Standard Time

**Subject:** FW: written instructions
**Date:** Friday, June 14, 2013 at 2:57:37 PM Eastern Daylight Time
**From:** Gerti Muho <gm@gmg7.com>
**To:** Morris, Ryan S. <rmorris@wilmingtontrust.com>, smolina@wilmingtontrust.com Molina
<smolina@wilmingtontrust.com>
**CC:** RFiedler@wilmingtontrust.com <RFiedler@wilmingtontrust.com>, neal brickman
<neal@brickmanlaw.com>

Dear Sally:

Please process the attached wire instructions today. Forty-seven days have passed since I instructed you that (i) Fletcher as of that day had no control over the Richcourt assets, and (ii) that Floyd Saunders had no authority whatsoever over the Richcourt funds.

Forty-seven days have passed without the merger being contested by anyone other than WT. WT cannot continue to hide behind an ambiguous and elsewhere negated damages clause and in a contract WT itself wrote. Not when $122 million of investor monies lie in risk.

WT must acknowledge that it is in possession of an effective certificate of merger filed with the state of Delaware, merging all the Richcourt entities into surviving Leveraged Hawk—a company governed by DE's laws, like WT's contract with the Funds.
DE law (included below) gives Leveraged Hawk all the rights and all the property of the entities that have been merged into it—i.e. all the Richcourt Funds.
Thus WT must respect the laws of the State where it is located (and the country) and recognize Leveraged Hawk and its investment advisor immediately. And must do so immediately for the harm WT's delay causes is beyond measure. And under the circumstance beyond all reasonableness.

Very truly yours,
Gerti


**§ 259. Status, rights, liabilities, of constituent and surviving or resulting corporations following merger or consolidation.**

(a) When any merger or consolidation shall have become effective under this chapter, **for all purposes of the laws of this State** the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and **the constituent corporations shall** become a new corporation, or **be merged into 1 of such corporations**, as the case may be, **possessing all the rights, privileges, powers and franchises** as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so merged or consolidated; and all and singular, the rights, privileges, powers and franchises of each of said corporations, **and all property, real, personal and mixed**, and all debts due to any of said constituent corporations on whatever account, as well for stock subscriptions as all other things in

action or belonging to each of such corporations **shall be vested in the corporation surviving** or resulting from such merger or consolidation; and all property, rights,privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation as they were of the several and respective constituent corporations, and the title to any real estate vested by deed or otherwise, under the laws of this State, in any of such constituent corporations, shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may

Exhibit 126                    Page 1 of 2
Muho v. Fletcher et al.

Case No _____

**Exhibit 126**
**Muho v. Fletcher et al.**

be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

(b) In the case of a merger of banks or trust companies, without any order or action on the part of any court or otherwise, all appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, trustee of estates of persons mentally ill and in every other fiduciary capacity, shall be automatically vested in the corporation resulting from or surviving such merger; provided, however, that any party in interest shall have the right to apply to an appropriate court or tribunal for a determination as to whether the surviving corporation shall continue to serve in the same fiduciary capacity as the merged corporation, or whether a new and different fiduciary should be appointed.

*8 Del. C. 1953, § 259; 56 Del. Laws, c. 50; 56 Del. Laws, c. 186, § 23.;*

**From:** Gerti Muho <gm@gmg7.com>
**Date:** Thursday, June 6, 2013 9:41 AM
**To:** "Molina, Sally M." <SMolina@WilmingtonTrust.com>, "Morris, Ryan S." <RMorris@WilmingtonTrust.com>
**Cc:** "Neal@brickmanlaw.com" <Neal@brickmanlaw.com>, "Cypers, Michael" <MCypers@crowell.com>, "Avery, Mary Alice" <MAvery@WilmingtonTrust.com>
**Subject:** written instructions

Please confirm receipt and process the attached wire instructions.
Thank you,
Gerti

**Exhibit 126**
**Muho v. Fletcher et al.**

**Case No** _____

**Exhibit 127**

**Muho v. Fletcher et al.**

**Exhibit 127**
**Muho v. Fletcher et al.**

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:31 PM 06/03/2013*
*FILED 12:31 PM 06/03/2013*
*SRV 130728327 – 5326489 FILE*

STATE OF DELAWARE

CERTIFICATE OF MERGER

OF FOREIGN CORPORATION

INTO A

DOMESTIC CORPORATION

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

FIRST. The name of the surviving corporation is Leveraged Hawk, Inc., a Delaware corporation, and the names of the corporations being merged into this surviving corporation are:

Richcourt Capital Management, Inc., a British Virgin Islands corporation,

Soundview Capital Management, Ltd., a Bahamas corporation,

Pitagora Capital Management, Ltd., a Bahamas corporation,

New Wave Asset Management, Ltd., a Cayman Islands corporation,

America Alternative Investments, Inc., a British Virgin Islands corporation,

Elite Designated, a Cayman Islands corporation,

New Wave Fund SPC, a Cayman Islands corporation,

Star Designated, a Cayman Islands corporation,

Optima Absolute Return Fund Ltd., a British Virgin Islands corporation,

Premium Designated, a Cayman Islands corporation,

Pitagora Fund Ltd., a Cayman Islands corporation,

Richcourt All-weather Fund Inc., a British Virgin Islands corporation,

Richcourt Allweather Fund B Inc., a British Virgin Islands corporation,

Richcourt Composite Inc., a British Virgin Islands corporation,

Richourt Euro Strategies, Inc., a British Virgin Islands corporation,

Richourt Top Stars I Fund Ltd, a Bahamas corporation,

Soundview Composite, a Cayman Islands corporation,

Soundview Elite Ltd, a Cayman Islands corporation,

Soundview Premium, Ltd., a Cayman Islands corporation, and

Soundview Star Ltd., a Cayman Islands corporation.

SECOND. The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8 Section 252 of the General Corporation Law of the State of Delaware.

*page 1 of 2*

**Exhibit 127**
**Muho v. Fletcher et al.**

**Case No** _____

**Exhibit 127**
**Muho v. Fletcher et al.**

THIRD. The name of the surviving corporation is Leveraged Hawk, Inc., a Delaware corporation.

FOURTH. The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation.

FIFTH. The Agreement of Merger is on file at 20 Exchange Pl 4504 New York New York 10005 an office of the surviving corporation.

SIXTH. A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

IN WITNESS WHEREOF, said surviving corporation has caused this certificate to be signed by an authorized officer, the 3rd day of June 2013, A.D.

By: _____

Name: Gerti Muho

Title: President, Leveraged Hawk, Inc.

*page 2 of 2*

**Exhibit 127**
**Muho v. Fletcher et al.**

**Case No _____**