UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-CV-20568-KMM

GERTI MUHO,

          Plaintiff,

v.

ALPHONSE FLETCHER JR. ET AL.

          Defendants.
_____/

**Emergency** Motion for Temporary Restraining Order and Preliminary Injunction

    Gerti Muho. ("**GM Capital**"), Plaintiff in the above-styled action pro-se, moves the Court on an emergency basis pursuant to Fed. R. Civ. P. 65 and Local Rule 4.05 to temporarily and preliminarily restrain Defendants Wilmington Trust and Citibank ("**Defendant Banks**" or "**Banks**"), from freezing GM Capital's bank accounts or otherwise withholding any funds belonging to GM Capital or held by GM Capital for the benefit of its clients, including Leveraged Hawk, Inc. Plaintiff also seeks injunctive relief requiring Wilmington Trust to immediately turn over all records for every account Wilmington Trust and its related entities, including M&B Bank. and State Street, now or before held for entities survived by Leveraged Hawk, Inc. See *TRO - Exhibit 1*.

Page 1 of 7

This motion is based upon facts set forth in the Complaint and the four affidavits included with the complaint.

## I. SUMMARY GROUNDS FOR THE MOTION

GM Capital seeks immediate relief in the form of a Temporary Restraining Order ("**TRO**") pending the hearing on Plaintiff's application for preliminary injunction. The facts set forth in the Complaint and in the affidavits accompanying the complaint establish the Banks unscrupulous legal shenanigans in aid of Fletcher Asset Management, Inc. ("**FAM**") have deprived Plaintiff of access to his accounts, to his business accounts, and to his clients accounts.

Wilmington Trust blocked Plaintiff from his accounts; refused to pay his counsel,[1] and filed an interpleader that deprived, among other things, Plaintiff access to all his accounts there, including accounts held for entities listed in *TRO- Exhibit 1*.

Citibank blocked Plaintiff from his personal and Leveraged's account August 21, blocked me from GM Capital's account September 4th, leaving me stranded 200 miles west of Houston, Texas, refused to allow Leveraged to continue to its suit against primarily FAM and Citco Group Ltd., and helped FAM and Peter C. Harvey obtain an ex-parte TRO against me under false pretenses in the Second Circuit that denied me of access across all accounts, including those held at Wells Fargo Bank N.A.

The banks' unconscionable acts have robbed Plaintiff of access to his funds and have prevented Plaintiff's from being able conduct his trade. Plaintiff as the only registered

---

[1] Wilmington Trust refused to pay Crowell & Moring to represent me and later hired it for itself despite conflicts.

investment adviser for his clients remains responsible to for all his clients funds, including for the funds that the banks have transferred in secret to FAM.

## II. PLAINTIFF HAS ESTABLISHED ALL ELEMENTS FOR ENTRY OF A TRO.

Plaintiff will suffer irreparable injury if the Banks are not enjoined from freezing continuing their freeze of Plaintiff's accounts. Monetary damages cannot fully compensate Plaintiff as the harm to its business and customers cannot be calculated with any measure of certainty at this time. What is known is that the continued freeze will destroy Plaintiff's business and expose Plaintiff to liability to its clients.

Plaintiff's injury is imminent and recurring. Everyday that passes with funds frozen by the Banks creates more damage to Plaintiff's goodwill and creates more and more loss business. Furthermore, with FAM in unregistered possession of over $20 million in client funds, injury is imminent for Plaintiff and Plaintiff's clients and employees.

Plaintiff is substantially likely to succeed on the merits and the harm to Plaintiff and to the public by not entering the temporary restraining order outweighs any potential harm to the Banks if the TRO is entered. Notice has been given to the Banks by e-mailing a copy of this motion. Immediate entry of a TRO would cause no harm or prejudice to the Banks as they have no legitimate claim over the funds at issue.

Plaintiff is willing to post a reasonable bond, although a minimal bond should be necessary under the circumstances as the Banks will suffer no damage if a TRO is entered by the Court, as the assets seeking to be released are rightfully registered with the Securities and Exchange Commission in the name of the Plaintiff and cannot be utilized by the Banks in any

event. For the reasons set forth more fully in the following Memorandum of Law, the Court should grant Plaintiff the requested relief.

**WHEREFORE**, Plaintiff, Gerti Muho requests that the Court enter an order: (a) preliminarily and permanently enjoining Citibank N.A. and Wilmington Trust N.A. from freezing its bank accounts or otherwise withholding any funds belonging to Plaintiff or funds held by Plaintiff for the benefit of its clients in the accounts held for entities listed in *TRO-Exhibit 1*; (b) requiring Wilmington Trust N.A. to immediately turn over to Plaintiff all records for all listed accounts; and (f) order all other remedies that the Court believes just and warranted.

## MEMORANDUM OF LAW

### I. INTRODUCTION

This case is about a conspiracy between names Banks and FAM, among others, to destroy Plaintiff's ability to compete with FAM and others in the asset management industry. The Banks have leveraged their power and influence to bring Plaintiff to his knees by blocking Plaintiff's access to all his bank accounts.

The requested TRO is meant to free up the frozen money and allow Plaintiff to pay past bills, to pay employees and counsel of his choice, and to generally allow Plaintiff to operate his trade.

### II. INJUNCTION ANALYSIS

To obtain a temporary restraining order and preliminary injunction against the Banks, Plaintiff must show that: 1) Plaintiff is substantially likely to succeed on the merits; 2) Plaintiff will suffer irreparable injury if the Banks are not immediately enjoined; 3) the injury to Plaintiff from the Banks' misconduct outweighs any impact that an injunction may cause the Banks; and

4) enjoining the Banks serves the public interest. *McDonald's Corp. v. Robertson*, 147 F. 3d 1301, 1306 (11th Cir. 1998). Given the facts above and as further discussed below, Plaintiff can satisfy these legal requirements.

**A. There is a Substantial Likelihood that Plaintiff Will Prevail on the Merits of its Claims.**

Plaintiff has claimed that Banks conspired between themselves and with other defendants to restrain trade. To prove this claim, Plaintiff must establish: (1) a conspiracy, (2) that restrains trade, and (3) that Plaintiff belongs to the class of people meant to be protected by the statute. The three elements have been alleged and presumptively shown. See Complaint.

**B. Plaintiff Will Suffer Irreparable Injury if the TRO and Preliminary Injunction are Not Issued**

Defendant Banks have caused and continues to cause irreparable injury to Plaintiff through their decision to freeze Plaintiff's accounts. Plaintiff is in the business of providing an asset management to its clients. Without access to his accounts, Plaintiff has no ability to effectuate his contractual obligations. Everyday that funds sit frozen in the Banks possession, is one more day that Plaintiff watches its business stumble to a certain death. To make matters worst, included in the accounts frozen by the Banks is approximately $550,000 in funds in Plaintiff's operation accounts, which is needed for its all costs including payroll. Without immediate access to this money, there is little likelihood that Plaintiff can survive as an ongoing operation.

Separate and apart from the irreparable injury to Plaintiff is the ongoing injury and hardship being suffered by the clients that are relying on Plaintiff to recover millions of dollars wrongfully held by FAM, JP Morgan, Citco, and more. Without the immediate release of these

funds, the economic hardship will be widespread. Simply put, irreparable harm can be shown. For the protection of Plaintiff and these other interests, an injunction should immediately issue.

### C. The Injury to Alliance From Defendant's Misconduct Far Outweighs Any Impact that an Injunction May Cause Defendant

As shown above, Defendant Banks wrongfully froze and detained Plaintiff's funds. An injunction is needed to preserve the position of the parties so that the Court may grant later relief. See *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) ("purpose of injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits"). Defendant Banks have no legitimate right to access or dissipate the funds at issue and have not even made demand on the same. Thus, little to no harm will befall Defendant Banks by granting the temporary restraining order and requiring the immediate release of withheld funds.

### D. Enjoining Defendants Will Serve the Public Interest.

The public interest is served by the requested injunction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court immediately enjoin Citibank N.A. and Wilmington Trust N.A. and enter an order:

(a) preliminarily and permanently enjoining Citibank N.A. and Wilmington Trust N.A. from freezing Plaintiff's bank accounts or otherwise withholding any funds belonging to Plaintiff or funds held by Plaintiff for the benefit of its clients, including accounts held for all entities merged into Leveraged Hawk, Inc. as listed in *TRO-Exhibit 1*.

_____
Gerti Muho, Plaintiff


Sworn to and signed before me this 21st of February 2014

_____

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:31 PM 06/03/2013
FILED 12:31 PM 06/03/2013
SRV 130728327 - 5326489 FILE

Muho v. Fletcher et al.

STATE OF DELAWARE
CERTIFICATE OF MERGER
OF FOREIGN CORPORATION
INTO A
DOMESTIC CORPORATION

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

**FIRST.** The name of the surviving corporation is Leveraged Hawk, Inc., a Delaware corporation, and the names of the corporations being merged into this surviving corporation are:

> Richcourt Capital Management, Inc., a British Virgin Islands corporation,
> Soundview Capital Management, Ltd., a Bahamas corporation,
> Pitagora Capital Management, Ltd., a Bahamas corporation,
> New Wave Asset Management, Ltd., a Cayman Islands corporation,
> America Alternative Investments, Inc., a British Virgin Islands corporation,
> Elite Designated, a Cayman Islands corporation,
> New Wave Fund SPC, a Cayman Islands corporation,
> Star Designated, a Cayman Islands corporation,
> Optima Absolute Return Fund Ltd., a British Virgin Islands corporation,
> Premium Designated, a Cayman Islands corporation,
> Pitagora Fund Ltd., a Cayman Islands corporation,
> Richcourt All-weather Fund Inc., a British Virgin Islands corporation,
> Richcourt Allweather Fund B Inc., a British Virgin Islands corporation,
> Richcourt Composite Inc., a British Virgin Islands corporation,
> Richourt Euro Strategies, Inc., a British Virgin Islands corporation,
> Richcourt Top Stars I Fund Ltd, a Bahamas corporation,
> Soundview Composite, a Cayman Islands corporation,
> Soundview Elite Ltd, a Cayman Islands corporation,
> Soundview Premium, Ltd., a Cayman Islands corporation, and
> Soundview Star Ltd., a Cayman Islands corporation.

**SECOND.** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8 Section 252 of the General Corporation Law of the State of Delaware.

*page 1 of 2*

TRO - Exhibit 1

**THIRD.** The name of the surviving corporation is Leveraged Hawk, Inc., a Delaware corporation.

**FOURTH.** The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation.

**FIFTH.** The Agreement of Merger is on file at 20 Exchange Pl 4504 New York New York 10005 an office of the surviving corporation.

**SIXTH.** A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

**IN WITNESS WHEREOF,** said surviving corporation has caused this certificate to be signed by an authorized officer, the 3rd day of June 2013, A.D.

By: _____
Name: Gerti Muho
Title: President, Leveraged Hawk, Inc.